UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CORBITT,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF ESSEX COUNTY COLLEGE,<br><br>    Defendant. | Civil Action No. 2:22-cv-00282-CCC-CLW<br><br>**REPORT AND RECOMMENDATION** |

**CATHY L. WALDOR, U.S.M.J.**

**I.   Introduction**

This matter is before the Court on the motion of plaintiff Michael Corbitt ("Corbitt") seeking to remand this case to New Jersey Superior Court (ECF No. 3). The motion is fully briefed and has been referred to the undersigned by the Honorable Claire C. Cecchi. The Court has carefully considered the parties' submissions and decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, the Court respectfully recommends that Corbitt's motion be **granted.**

**II.   Background**

Corbitt brought this action in New Jersey Superior Court in December 2021. ECF No. 1, Ex. 1 (the "Complaint"). His allegations, assumed true for purposes of this motion, are as follows. While working for defendant Board of Trustees of Essex County College (the "Board"), Corbitt contracted COVID-19, as a result of which the Board permitted him to work remotely through July 2021. After the Board denied Corbitt's requests for continued remote work, Corbitt requested and was granted use of his accrued sick days and FMLA leave. *See* Complaint at ¶¶ 13, 20-31.

In late August 2021, Corbitt suffered an unrelated injury and requested to use several sick days followed by medical leave. The Board granted the sick days request and instructed Corbitt to apply for FMLA leave. After Corbitt used his sick days, he requested "that he be placed on an unpaid leave of absence following the expiration of FMLA. [The Board] advised in response that for Plaintiff to make a request for unpaid leave he must first exhaust his accrued sick time and FMLA." Corbitt again made various requests to use sick and personal days, as well as for a leave of absence. The Board did not respond to Corbitt's sick and personal day requests. Corbitt's leave request was denied, as were multiple appeals of this decision. *See id.* at ¶¶ 32-45. During much of this time (*i.e.*, from September 7 through the end of November 2021), Corbitt was on FMLA leave. *Id.* at ¶ 44. Since his FMLA leave expired at the end of November 2021, Corbitt "has not been permitted to work remotely nor has been granted use of sick time, personal time, or a leave of absence." *See id.* at ¶¶ 44-45.

Corbitt brings four claims arising under the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, *et seq.* (three for failure to accommodate and one for retaliation), and one claim under the New Jersey Sick Days Statute, N.J.S.A. § 18A:30-1. *See generally* Complaint.

The Board timely removed the case to this Court under 28 U.S.C. § 1331. ECF No. 1 at ¶ 4. Its notice of removal (the "NOR") states that

> Plaintiff's state law claims necessarily raise a significant issue under the laws of the United States, namely, the federal Family and Medical Leave Act, 29 U.S.C. §260 1 *et seq.* ("FMLA"). More specifically, Plaintiff references the FMLA and related FMLA leave throughout the complaint. See ¶¶ 31, 33, 35, 44. Further, Plaintiff asserts this as protected conduct (FMLA leave) that forms the basis of his retaliation claim.

*Id.* (cleaned up). The referenced paragraphs of the Complaint provide as follows:

> 31. Because Defendant denied Plaintiff's request for remote work accommodation, he was compelled to apply for a leave using his

2

> accumulated sick days and unpaid Family and Medical Leave. Defendant granted this request. . . .
>
> 33. On August 30, 2021, Plaintiff requested use of five (5) of his accrued sick days followed by a medical leave of absence due to his disabilities. In response, Defendant granted the request for sick days and instructed Plaintiff to complete forms for Family and Medical Leave ("FMLA"). . . .
>
> 35. On September 8, 2021, Plaintiff requested that he be placed on an unpaid leave of absence following the expiration of FMLA. Respondent advised in response that for Plaintiff to make a request for unpaid leave he must first exhaust his accrued sick time and FMLA. . . .
>
> 44. From September 7, 2021 to November 30, 2021, Plaintiff was on unpaid FMLA leave.

Complaint at ¶¶ 31, 33, 35, 44.

### III.   Legal Standards

Federal district courts generally "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Importantly, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed sub. nom. American Standard v. Steel Valley Auth.*, 484 U.S. 1021 (1988)).

As elucidated by the Supreme Court,

> [t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). To this end, "[a] plaintiff cannot avoid federal jurisdiction by 'artful pleading,' but [a] plaintiff may generally avoid federal jurisdiction by exclusively relying on state causes of action." *Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp. 2d 551, 553 (D.N.J. 1999) (quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981); citing *Glass Molders Intl. Union v. Wickes Companies*, 707 F. Supp. 174, 178 (D.N.J. 1989)) (citation omitted).

Although Section 1331's "provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law", there exists "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction"; namely, "that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)). This "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues". *Id.* (citing ALI, Study of the Division of Jurisdiction Between State and Federal Courts 164-166 (1968)). *Grable* thus established a four-factor test for what has come to be known as "embedded" federal question jurisdiction, under which "the question is, does a state-law claim [i] necessarily raise a stated federal issue, [ii] actually disputed and [iii] substantial, [iv] which a

4

federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (same) (quoting *Grable*). All four factors must support federal jurisdiction. Embedded federal question jurisdiction occurs in only a "'special and small category' of cases". *Gunn*, 568 U.S. at 258 (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

## IV.   Analysis

The crux of the Board's argument for federal jurisdiction is that this case necessarily raises a federal issue under *Grable* because the Complaint contains four references to the FMLA. NOR at ¶ 4; *see generally* ECF No. 5. The Board contends that "[t]hese repeated references in conjunction with Plaintiff[']s] claims for failure to accommodate and retaliation suggest that the court will ultimately be required to review and interpret the FMLA, as Plaintiff is asserting rights that arise under the FMLA." ECF No. 5 at 4. It accordingly reads Corbitt's "accommodation request for additional leave [a]s more akin to an accommodation request to extend his leave under the FMLA." *Id.* at 7.

This argument fails on both the facts and the law. Factually, the Complaint simply does not say what the Board insists that it does. To the contrary and as discussed, Corbitt complains of the Board's refusal to grant him use of his sick/personal time or a leave of absence to follow his FMLA leave, *see* Complaint at ¶¶ 35-44, and that since his FMLA leave expired, he "has not been permitted to work remotely nor has been granted use of sick time, personal time, or a leave of absence." *Id.* at ¶ 45. Read in context, this "leave of absence" plainly refers to something other than FMLA leave. As another example, Corbitt alleges that he "requested that he be placed on an unpaid leave of absence following the expiration of FMLA. Respondent advised in response that for Plaintiff to make a request for unpaid leave he must first exhaust his . . . FMLA." *Id.* at ¶ 35;

*see also id.* at ¶¶ 35-45 (discussing Corbitt's requests, while on FMLA leave, to take a leave of absence). These passages would make little sense if the "leave of absence" mentioned therein was synonymous with FMLA leave. Because, as used in the Complaint, "leave of absence" means one thing and "FMLA leave" another, the Board's alleged denial of the former does not implicate Corbitt's rights under the latter. *See, e.g.*, *Scotiabank De P.R. v. Residential Partners S.E.*, 350 F. Supp. 2d 334, 337 (D.P.R. 2004) ("The Complaint is pellucid in its language and simple in its construction. Therefore, the plain meaning of the terms therein is applied.") (citing *Wickman v. Northwestern Nat. Ins. Co.*, 908 F.2d 1077 (1st Cir. 1990)).

Put simply, there is no assertion in the Complaint of Corbitt's rights under the FMLA, no attempt by Corbitt to vindicate his FMLA rights, and no allegation that the Board acted unlawfully by refusing to extend his FMLA leave. To this end, nowhere in the Complaint's four counts is the FMLA even mentioned, squarely negating the notion that Corbitt's claims will require the Court "to review and interpret the FMLA, as Plaintiff is asserting rights that arise under the FMLA."[1] *See supra*.

The Board also wrongly construes "arising under" jurisprudence under *Grable* and its progeny. Courts uniformly hold that "removal cannot be based simply on the fact that federal law may be referred to in some context in the case. . . . Incidental federal issues are not enough." *Rothman v. Union Cnty. College*, 2008 U.S. Dist. LEXIS 133185, at *4 (D.N.J. Nov. 19, 2008) (quoting *Wurel v. Int'l Life Science Church*, 758 F. Supp. 1084 (W.D. Pa. 1991)); *see, e.g.*,

---

[1] Accordingly, the Board's claim that "Plaintiff asserts . . . FMLA leave [to] form[] the basis of his retaliation claim", NOR at ¶ 4, is also incorrect. Instead, the Board's alleged denials of Corbitt's requests for a leave of absence (and personal or sick time) underlies the retaliation claim. Complaint at ¶¶ 76-78. Likewise, Corbitt claims a failure to accommodate by virtue of the Board's allege denials of his leave of absence requests. *See id.* at ¶¶ 58-60. As just discussed, these requests appear to refer to something other than FMLA leave.

*Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *JVC Americas Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 592 (D.N.J. 2003) ("federal courts have found that cases should be remanded when federal law is merely 'referenced' or 'mentioned' in the claim") (citing cases).[2] Corbitt's passing allusions to federal law cannot be called anything more than incidental to the claims actually raised in the Complaint and therefore do not give rise to federal jurisdiction.

Two cases from this district highlight these principles in action under similar circumstances. *Bromley v. Jersey Urology Grp.*, 2021 U.S. Dist. LEXIS 130148 (D.N.J. July 12, 2021) was an employment discrimination case where the defendant asserted federal jurisdiction[3] based on the complaint's reference to COBRA, a federal law. *See id.* at *2. In granting remand, the court explained that

> [w]hile the Complaint's fact section briefly mentions COBRA, Plaintiffs' causes of action are not dependent on the federal program, and Plaintiffs' rights to relief do not rely on resolving a question of federal law. Plaintiffs only assert that Defendants' employment discrimination later caused Plaintiffs Bromley and Shiffler to suffer because they did not have COBRA insurance. However, this Court has held that "removal cannot be based simply on the fact that federal law may be referred to in some context in the case."

*Id.* at *5 (quoting *Rothman*; citing *JVC*, *supra*) (citation omitted).

---

[2] Indeed, even "references to violations of federal law by Plaintiff in his complaint does not give rise to jurisdiction under Section 1331." *Ruzich v. Volkswagen Grp. of Am., Inc.*, 2016 U.S. Dist. LEXIS 138436, at *5 (D.N.J. Oct. 4, 2016) (citing *Rodriguez v. Hovensa, L.L.C.*, 2014 U.S. Dist. LEXIS 43967 (D.V.I. Mar. 31, 2014)).

[3] The Court notes that the *Bromley* defendant did not assert *Grable* jurisdiction; the case is nonetheless instructive as illustrated below.

The Honorable Katharine S. Hayden's analysis in *Parrish v. Arc of Morris Cty., LLC*, 193 F. Supp. 3d 425 (D.N.J. 2016) is even more compelling. The plaintiff there sued under the NJLAD and CEPA, alleging that she was unlawfully fired after taking FMLA leave. *Id.* at 429-30. As here, the defendant asserted *Grable* jurisdiction and removed the case on the strength of the complaint's references to the FMLA, arguing that the complaint "requires resolution of a substantial question of federal law in dispute between the parties." *See id.* at 431.

After observing that, "[f]or a federal issue to be necessarily raised under [*Grable*'s "necessarily raised"] prong, vindication of a right under state law must necessarily turn on some construction of federal law", *id.* at 430 (quoting *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd*, 136 S. Ct. 1562, 1575, 194 L. Ed. 2d 671 (2016)) (cleaned up), Judge Hayden wrote that she was

> not persuaded by defendants' attempt to fashion a federal question out of Parrish's state law claims. . . . Parrish was granted and exercised her leave rights under the FMLA. She is not explicitly asserting any of her rights under the FMLA were violated, and her state law claims neither raise, nor require resolution, of any FMLA issue. . . . [A] fair reading of [the complaint] indicates neither that Parrish seeks redress under the FMLA, nor that her references to the statute necessarily raise a question under the FMLA. Rather, her taking the leave constitutes necessary context . . . . The claims Parrish brings are [not] based on . . . any alleged interference with her ability to exercise her rights under the FMLA. Applying the *Grable* test, whether her employer interfered with her FMLA leave is n[ot] necessarily raised as part of her state law claims . . . .

*Id.* at 431-32 (citing *Manning*, 772 F.3d at 163).

This analysis is squarely on point here. As in *Parrish*, Corbitt "was granted and exercised [his] leave rights under the FMLA. [He] is not explicitly asserting any of [his] rights under the FMLA were violated, and [his] state law claims neither raise, nor require resolution, of any FMLA issue". And a fair reading of Corbitt's Complaint likewise "indicates neither that [Corbitt]

seeks redress under the FMLA, nor that [his] references to the statute necessarily raise a question under the FMLA." Instead, the Complaint's references to the FMLA provide nothing more than background and context for the harms Corbitt does in fact claim. *See* Complaint at ¶¶ 31, 33, 35, 44.

Touching upon *Grable*'s fourth prong, Judge Hayden continued:

> The Court would be remiss if it did not comment on the danger of adopting defendants' position. If accepted, a federal court would be presiding over four specifically-pled, state-law claims arising out of remedial state statutes solely on the basis of supplemental jurisdiction—which in turn would be created by an interpretation of facts that underlie a solitary, potential, and un-asserted, federal FMLA claim.
>
> It cannot be an infrequent occurrence that one asserting a state law employment claim may have taken FMLA leave. To find federal question jurisdiction on the basis of that constricts a wronged employee's ability to access state courts. . . .
>
> Further, the above scenario runs the risk of federalizing existing and future employment rights whenever an individual accesses leave under the FMLA. This has the potential not only to circumvent state law complexity, but also to do violence to federal initiatives and chill the exercise of FMLA rights. If an employee is fearful of potential retaliation after taking FMLA leave, the knowledge that any and all claims will have to be in federal court—potentially an unfamiliar and daunting forum—may give that employee pause. . . .
>
> Basing federal jurisdiction on Parrish's exercise of her FMLA leave . . . improperly diminishes her ability to elect to bring her state law claims in state court and "disrupt[s] the federal-state balance approved by Congress."

*Id.* at 434 and n.5 (quoting *Gunn*, 133 S. Ct. at 1068).

*Parrish* again hits the nail on the head. This case, like *Parrish*, presents squarely a situation in which permitting the Complaint's fleeting references to the FMLA to carry the heavy burden of *Grable* jurisdiction risks disturbing the Congressionally-approved federal-state court

9

balance — to the detriment of countless plaintiffs whose claims may happen, in the most oblique of ways, to touch upon federal law. Jurisprudence and equity counsel otherwise.[4]

In summary, the Board's argument fails on at least three of *Grable*'s four necessary elements. This matter thus falls safely outside the "'special and small category' of cases" where *Grable* jurisdiction lies. *Gunn*, 568 U.S. at 258 (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The Court will recommend that the case be remanded.

## V.      Conclusion

For the reasons stated, it is

**RESPECTFULLY RECOMMENDED** that plaintiff Michael Corbitt's motion to remand (ECF No. 3) be **GRANTED**; and it is further

**RESPECTFULLY RECOMMENDED** that this case be remanded for all further proceedings to the Superior Court of New Jersey, Law Division, Essex County; and it is further

**RESPECTFULLY RECOMMENDED** that the Clerk of the Court be directed to terminate this matter.

The parties have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 72.1(c)(2).

Dated: September 1, 2022

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.

---

[4] The court also notes that to satisfy *Grable*'s substantiality prong, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. To this end, "[t]he prototypical case of *Grable* jurisdiction is one in which the federal government itself seeks access to a federal forum, an action of the federal government must be adjudicated, or where the validity of a federal statute is in question." *MHA LLC v. Healthfirst, Inc.*, 629 F. App'x 409, 413 n.6 (3d Cir. 2015) (citing *Gunn* and *Grable*). It suffices to say that nothing of the sort is at issue here.